## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOE ALTER,

          *Plaintiff*,

     v.

UNITED STATES DEPARTMENT OF
GOVERNMENT EFFICIENCY, *et al.*,

          *Defendants*.

Civil Action No. 25-1162 (RDM)

## <u>MEMORANDUM OPINION</u>

Plaintiff, proceeding *pro se*, brings this action against the United States Department of
Government Efficiency ("DOGE"), and Elon Musk, for the "unlawful creation and conduct of
[DOGE], a shadow agency established by executive fiat on January 25, 2025, without
congressional authorization." Dkt. 1 at 1 (Compl. ¶ 1). He alleges that DOGE's actions,
including "armed takeovers of federal facilities, systemic IT hijackings, and politically motivated
contract terminations," violate the U.S. Constitution and various federal statutes. *Id.* at 1–2
(Compl. ¶ 1). The only allegation relating to Plaintiff's personal stake in the case describes him
as "[a] U.S. taxpayer and American Citizen harmed by DOGE's disruptive activities." Dkt. 1 at
3 (Compl. ¶ 3).

Plaintiff asks the Court to (1) issue a declaratory judgment that DOGE is unlawful; (2)
issue an injunction requiring the immediate cessation of DOGE's operations; (3) appoint an
"Independent Counsel" to "[i]nvestigate DOGE under the Ethics in Government Act;" and (4)
require a "GAO Audit." Dkt. 1 at 5 (Compl.). For the reasons that follow, the Court will *sua*

*sponte* dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and

12(h)(3) for failure to allege Article III standing.

## I. BACKGROUND

Plaintiff filed this *pro se* complaint on April 5, 2025, Dkt. 1, and the Court subsequently

entered an order directing Plaintiff to show cause why the Court "should not dismiss the case for

lack of standing," Min. Or. (Apr. 17, 2025). The Court's order reads as follows:

> Federal courts are "obligated to consider *sua sponte* issues," like standing, that
> "go[ ] to [their] subject-matter jurisdiction," *Gonzalez v. Thaler*, 565 U.S. 134,
> 141 (2012); *see also Brookens v. Am. Fed. of Gov't Employees*, 315 F. Supp. 3d
> 561, 565 (D.D.C. 2018). Article III standing requires an injury-in-fact, that is
> fairly traceable to the challenged action, and that is likely to be redressed by a
> favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). The
> plaintiff bears the burden of establishing standing, and "each element must be
> supported in the same way as any other matter on which the plaintiff bears the
> burden of proof, *i.e.*, with the manner and degree of evidence required at the
> successive stages of the litigation." *Id.* at 561. At the pleading stage, that means
> that the plaintiff must allege facts sufficient to establish at least a "plausible"
> theory of standing to sue. *Cuti v. Garland*, 633 F. Supp. 3d 97, 102 (D.D.C.
> 2022) (discussing application of the *Lujan* standard following *Iqbal*). The
> Supreme Court, moreover, has "consistently held that a plaintiff raising only a
> generally available grievance about government," including an "interest in [the]
> proper application of the Constitution and laws, . . . does not state an Article III
> case or controversy." *Lujan*, 504 U.S. at 57374. "Such an injury is no greater
> than that suffered by the public at large and, therefore, is inadequately
> particularized." *Siegel v. United States Dep't of Treasury*, 304 F. Supp. 3d 45,
> 5051 (D.D.C. 2018) (citing *Lujan*, 504 U.S. at 574, 57677). A plaintiff's status
> as a taxpayer, moreover, cannot typically transform such a generalized grievance
> about compliance with the law into a particularized injury. *See Frothingham v.
> Mellon*, 262 U.S. 447, 48687 (1923); *see also Hein v. Freedom from Religion
> Found., Inc.*, 551 U.S. 587, 593 (2007). Accordingly, for purposes of standing,
> the Plaintiff must allege facts sufficient to establish a plausible theory of
> standing that goes beyond "generalized concerns about the enforcement of the
> law." *Siegel*, 304 F. Supp. 3d at 51.

Min. Or. (Apr. 17, 2025). The Court directed that, in "responding to this Order, Plaintiff shall

address these requirements and shall identify which factual allegations, if any, contained in his

complaint support his standing to sue." *Id.*

2

On April 29, 2025, Plaintiff responded to the Court's order to show cause.  Dkt. 4.  He argues that Elon Musk and DOGE have been "intentionally inhibiting government services approved by Congress to some of the country's most vulnerable constituents."  Dkt. 4 at 2. Plaintiff further asserts that his 15-year-old child "is in an IEP program for Autism" and is "non-cisgendered," which places his child "under attack."  *Id.* at 2–3.  He further argues that (1) his "wife has a congenital form of epilepsy that is disabling, and [relevant assistance] programs are clearly under attack," and (2) his wife was unable to reenter the country during the first Trump administration and had to wait in France for a year before being "granted citizenship by the Biden administration."  *Id.*  Finally, Plaintiff asserts that he is "near retirement age" and has been "kicked off his healthcare . . . right at the same time he had a [stroke] and must now rely on medical (Medicaid) for healthcare, [which] also puts [him] under attack."  *Id.* at 3.

## II.  ANALYSIS

When, as here, a plaintiff is proceeding *pro se*, the Court will hold his pleadings "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).  The Court may *sua sponte* dismiss a *pro se* complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), however, if the complaint (even liberally construed) fails to allege any facts that might plausibly establish Article III standing.  *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010); *see also Hurt v. U.S. Court of Appeals for D.C. Circuit Banc*, 264 F. App'x 1 (D.C. Cir. 2008).

Article III of the Constitution limits "[t]he judicial power of the United States" to "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl. 2.  "To state a case or controversy under Article III, a plaintiff must establish standing."  *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125,

133 (2011). To establish standing, a plaintiff must show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "[A] generalized grievance, no matter how sincere, is insufficient to confer standing." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013). As a result, "[a] litigant 'raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" *Id.* (quoting *Lujan*, 504 U.S. at 573–74); *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) ("Our refusal to serve as a forum for generalized grievances has a lengthy pedigree.").

Plaintiff's allegations in this case are insufficiently particularized to establish Article III standing. He alleges that DOGE's "disruptive activities," Dkt. 1 at 3 (Compl. ¶ 3), including "armed takeovers of federal facilities, systemic IT hijackings, and politically motivated contract terminations," *id.* at 1 (Compl. ¶ 1), have "harmed" him as "[a] U.S. taxpayer and American Citizen," *id.* at 3 (Compl. ¶ 3). For the reasons explained above and in the Court's order to show cause, that allegation is insufficient.

In response to the Court's order to show cause, Plaintiff asserts a host of other alleged injuries. But even if the Court were to consider these allegations, which appear nowhere in the complaint, Plaintiff would still lack standing. He describes how his family is "under attack" by DOGE and Elon Musk based on his wife's nationality and a host of other circumstances. Dkt. 4 at 3. But no matter how sincerely held, Plaintiffs concerns constitute the quintessential generalized grievance. He fails to identify any "specific actions of the various Defendants or

4

specific harms suffered by" him or his family based on those "specific actions." *Common Purpose USA, Inc. v. Obama*, 227 F. Supp. 3d 21, 27 (D.D.C. 2016). Plaintiff highlights the problem with his complaint when he argues that "all Americans have standing here" because "wealthy campaign donors" have "usurp[ed] the machinery of government." Dkt. 4 at 4. That argument relies on the type of generalized grievance that cannot support Article III standing, and that argument—like Plaintiff's complaint—is unmoored to a specific act that has caused Plaintiff a specific, concrete injury.

## CONCLUSION

For the foregoing reasons, the Court will **DISMISS** Plaintiff's complaint, Dkt. 1, for failure to allege facts sufficient to support Article III standing.

A separate order shall issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 3, 2025