# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOE ALTER,**<br><br>**In Pro Per**<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF GOVERNMENT EFFICIENCY (DOGE),**<br><br>**DONALD J. TRUMP, in his official capacity as President of the United States,**<br><br>**ELON MUSK, in his individual and de facto agency-head capacity,**<br><br>*Defendants.* | Case : 25-cv-01162 RDM<br><br>Judge Randolph D. Moss |

**MOTION TO RECONSIDER**

On April 17, Judge Moss issued a minute order requiring a reply to his show cause as to why Plaintiff has standing to bring this matter before the court. On April 29th, I responded, and on May 3, this court ruled that Plaintiff had not articulated adequate Article III circumstances of standing that show 'damage in fact'.

While I do not dispute anything in this finding, the "damage" that I seek to remedy in this case, is an apparently lawless takeover of the engine of government that pays for congressionally allocated programs, which also tracks information that is protected by multiple statutes and walled off by security protocol and abscond with it in the middle of the night.

That the DOJ, appears to be not interested in enforcing those protections, is damaging to our republic, and as I articulated in my statement, that given the overlaps I have with these programs that are under unlawful attack, I have reasonable apprehension that the damage will ultimately fall on me and my family.

The Article III court has a duty, to examine the merits of such activity, when there is no other authority to regulate or even examine the unlawful and unconstitutional, unauthorized conduct which is being permitted and encouraged by the executive branch, whom is also a defendant.

Of course, the many people who's jobs have been unjustly terminated have greater standing to contest that, where does that leave the people who will be damaged as a result of that conduct who depend on these programs they have funded as taxpayers? Why is it wrong to ask the courts to intervene, examine and prevent

such damage? Where does the DOJ get the authority to issue threats to people who will resist unlawful orders from the executive?

CONCLUSION

If I were asking for compensation for damages, I could see lujan applying, but that is not the remedy I ask for in this case. The remedy I ask for in this case is that the court does its duty to protect constitutional processes from unlawful collateral attack, from interest conflicted parties who have no official authorization beyond authorities looking the other way. I need no such standing to ask the court to do their duty and to regulate unconstitutional agency activity such as that in Loper Bright Enterprises v. Raimondo, which specifically instructs courts to apply their commons sense review to such agency activity that may go too far or be applied contrary to constitutional mandates.

Thank you for this opportunity to rebut the court's decision, but I feel that in light of Loper Bright, it is held in error.


Respectfully submitted,

**Joe Alter – Dated May 3, 2025**

IN PRO PER

1694 Trafalgar Pl,

Westlake Village, CA 91361

805-657-2211